UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Terry Stewart,<br><br>   Plaintiff,<br><br> v.<br><br>International Association of Machinists and Aerospace Workers, *et al.*,<br><br>   Defendants and Counterclaim-Plaintiffs,<br><br> v.<br><br>Terry Stewart and Don E. Hall,<br><br>   Counterclaim-Defendants. | Civil Action No. 4:13-cv-01391 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION AND IN OPPOSITION TO PLAINTIFF'S MOTION TO QUASH**

Defendants the International Association of Machinists and Aerospace Workers, AFL-CIO and IAM District Lodge 19 (collectively, "the IAM") submit this memorandum (1) in support of Defendants' motion, pursuant to Fed. R. Civ. P. 37(a), to compel Plaintiff Terry Stewart to produce his income records responsive to Defendants' Requests for Production Nos. 9 and 17, served on August 22, 2013; and (2) in opposition to Plaintiff's motion to quash related third-party subpoenas issued by the IAM and which seek some of the same income information from one of Plaintiff's employers. Defendants

submit this memorandum in support of its motion and opposition to avoid unnecessary duplication.

The IAM moves to compel Plaintiff to produce his federal and state income tax returns, as well as records related to his work as a sales distributer for a coffee company, Organo Gold, while he was serving as an IAM Local Chairman and while employed full-time by the Union Pacific Railroad. These documents are nonprivileged and relevant both to the substance of the IAM's counterclaims as well as to the calculation of Plaintiff's claimed damages. After Plaintiff refused to produce these documents, the IAM issued third-party subpoenas on Organo Gold, which has neither objected to nor complied with the subpoena. Plaintiff alone has moved the Court to quash those subpoenas.

For the reasons set forth below, the Court should compel Plaintiff to produce the requested records and deny his motion to quash.

## NATURE AND STAGE OF PROCEEDING

**Statement of the Case.** Plaintiff, who is African-American, claims that IAM District Lodge 19 is guilty of race discrimination, based on the fact that its Executive Board voted to approve a more senior and more experienced man, who happened to be white, to fill an unexpired term of the elective position of General Chairman recently vacated. Plaintiff further alleges that the union's investigation into the complaints of largely African-American IAM members in Houston about Plaintiff's misconduct, and the internal union proceedings which followed, were retaliatory. Plaintiff's claimed damages include alleged lost wages. The records at issue in these discovery disputes

should establish Plaintiff's overall income from all sources both before and after the alleged discriminatory act.

The IAM and District 19's counterclaims, derived from the investigation of widespread membership complaints about Stewart, include breach of fiduciary under Section 501 of the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 501, as well as several state law claims. Among the allegations relevant to the documents at issue, we allege that Plaintiff traded away his Local members' rights in exchange for a "no show job" at higher pay, and as a result failed to carry out his union responsibilities. Counterclaims ¶¶ 10-15. This no-show arrangement, we allege, allowed Plaintiff to conduct private businesses, including his coffee sales operation, during the very time he was supposed to be either working for UP or representing IAM members, and also deprived the members he was elected to represent the rightful opportunity to significant earnings and union representation. *Id*. Accordingly, the IAM seeks, among other things, an accounting and restitution of any ill-gotten gains from Plaintiff's no-show arrangement, in order that its members in Houston can be made whole, and as authorized by Section 501 of the LMRDA. Counterclaims at 19.

**Defendants' Requests for Production.** On August 22, 2013, the Defendants served Plaintiff their First Set of Requests for Production. App. 1-3. On September 24, 2013, Plaintiff responded with blanket refusals to produce documents responsive to the two requests at issue here, App. 4 - 6:

| | |
|---|---|
| Request No. 9 | Your federal and state income tax returns for each year from 2009 to the present. |
| Response | *The plaintiff objects to this request because these documents are irrelevant to this case and not calculated to lead to the discovery of admissible evidence. In addition, the request is both an unnecessary and inappropriate invasion of privacy and a violation of the right to maintain the confidentially of income tax returns.* |
| Request No. 17 | All documents relating to any sales or transactions made by you through or on behalf of Organo Gold or any other coffee related business you have been involved with, from January 1, 2009 to the present notice. |
| Response | *The plaintiff objects to this request as seeking information that is not relevant and not calculated to lead to the discovery of admissible evidence. He further objects that it is overbroad and unduly burdensome.* |

**Certification of Attempt to Resolve Discovery Dispute.** On October 2, 2013, IAM counsel wrote to Plaintiff's counsel restating the requests, and explaining their legal basis and the relevance of the documents. App. 7-9. On October 7, 2013, Plaintiff counsel responded that these records would not be produced. App. 10-11. Subsequent discussions have not been able to resolve the dispute.

**Organo Gold Third-Party Subpoenas.** Organo Gold is a pyramidical marketing company that Plaintiff worked for as a "distributer" during the time at issue, as indicated by the attached copies of Plaintiff's public LinkedIn profile and his distributer page on the Organo Gold website. App. 14-15. In his motion to quash, Plaintiff admits he was "associated" with the company. Mot. Quash, [Dock. No. 26], at 1.

Because Plaintiff refused to produce responsive materials, the IAM subpoenaed Organo Gold, pursuant to Fed. R. Civ. P. 45, seeking documents relating to the Plaintiff

which go to the issues of whether he was engaged in this business while he should have been representing members, as well as to whether his earnings changed after the alleged discrimination here. *See* Mot. Quash Exs. 1-3. Because of the atypical corporate structure of Organo Gold, the IAM subpoenaed three registered Organo Gold entities, two in Washington State and one in Houston, Texas. The subpoenas have been served on the two Washington entities. (The subpoena has not yet been served on the Houston entity, whose registered agent has not been servable at the registered address.) Each subpoena sought production of the same specified materials by October 21, 2013. Organo Gold has not objected or otherwise responded to these subpoenas.

On October 16, 2013, Plaintiff moved to quash the Organo Gold subpoenas, asserting they seek irrelevant information and are overbroad.

## STATEMENT OF ISSUES TO BE RULED UPON

**Defendants' Motion to Compel.** The IAM moves the Court to enter an order compelling Plaintiff to produce his federal and state income tax returns, as well as records related his work as an Organo Gold distributer. Fed. R. Civ. P. 26(b)(1) broadly authorizes discovery of "any nonprivileged matter that is relevant to any party's claim or defense." A discovery request seeks relevant information where it seeks production of admissible evidence or is reasonably calculated to lead to the discovery of admissible evidence. *Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 820 (5th Cir. 2004).

**Plaintiff's Motion to Quash.** Plaintiff moves to quash the Organo Gold third-party subpoenas and for a protective order "prohibiting the discovery from taking place." Mot. Quash at 1. Plaintiff argues that the subpoenas seek information "that is neither

relevant nor calculated to lead to the discovery of admissible evidence" and are an overbroad "improper fishing expedition." Mot. Quash at 4.

## ARGUMENT

The Court should compel production of documents responsive to IAM's Requests 9 and 17, and deny Plaintiff's Motion to Quash. Contrary to Plaintiff's primary objection and argument, the requested and subpoenaed documents at issue are relevant, both to the substance of the IAM's counterclaims, as well as to the calculation of Plaintiff's damages. The Court should therefore compel production, as Plaintiff's remaining objections are also without merit. The Court should also deny the motion to quash.

**I.   The Requested and Subpoenaed Documents are Relevant.**

The requested and subpoenaed records are relevant and properly subject to discovery for two independent reasons.

    A.   The requested Organo Gold records and income tax returns are relevant to IAM's counterclaims. These documents go to the core issue of whether and how Plaintiff leveraged his position as a union officer into a no-show job which, in turn, allowed him to conduct his private coffee business for personal profit. Moreover, the documents may lead to the discovery of other businesses that he was able to operate because of this improper arrangement. The documents also go to the issues of why Plaintiff was not on the job or available to members, and whether he was absent because he was abusing his position to seek personal profit. They also go to the accounting and restitution sought by the IAM as relief pursuant to Section 501 of the LMRDA, which expressly bars a union officer from "holding or acquiring any pecuniary or personal interest which conflicts with

- 6 -

the interests of such organization," and which requires union officers "to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization." 29 U.S.C. § 501(a); *see also Hoffman v. Kramer*, 362 F.3d 308, 313 (5th Cir. 2004) ("officials must also account to union membership for any gains they receive in connection with their union office").

      B.      The records are also relevant to the calculation of Plaintiff's claimed damages. The subpoenaed documents should show the income Plaintiff earned as an Organo Gold distributor. They are thus necessary to determine the amount, if any, of lost income resulting from the alleged discriminatory act. Plaintiff has stated that he is seeking lost wages equal to the "difference between his compensation from Union Pacific Railroad and the total compensation he would have received as … General Chairman." App. 13 (Resp. to Interrogatory 1). But "[c]ourts uniformly offset interim earnings from back pay awards in order to make the plaintiff whole, yet avoid windfall awards." *Johnson v. Martin*, 473 F.3d 220, 222 (5th Cir. 2006). The IAM thus has a right to discovery of the income Plaintiff actually earned, not just that he would like disclosed. The documents at issue are discoverable for this additional reason.

## II.    The Court Should Compel Plaintiff to Produce the Requested Documents.

The Court should thus compel Plaintiff to produce the requested income tax returns and Organo Gold records. The requested documents are relevant and within the scope of permissible discovery for the reasons discussed above, and Plaintiff's remaining objections are also without merit.

Plaintiff objects to the production of Organo Gold records as unduly burdensome. But he has not explained how this could be, and such unsupported and unexplained claims should not be credited.  *See, e.g.*, *Hach Co. v. Hakuto Co., Ltd.*, 784 F. Supp. 2d 977, 983 (N.D. Ill. 2011) ("unamplified boilerplate objections" such as "unduly burdensome" or "overly broad'" and "unsupported accusations of fishing expedition" are "unacceptable") (internal citations omitted).

Plaintiff also objects to the production of tax returns on privacy grounds.  But "[t]ax returns are neither privileged nor undiscoverable," and, where, such as here, the party seeking to discover tax returns shows they are relevant, "the burden shifts to the party opposing production to show other sources exist from which the information contained in the returns may be readily obtained." *Rafeedie v. L.L.C., Inc.*, 2011 WL 5352826, *2 (W.D. Tex. Nov. 7, 2011) (attached hereto at App. 16-19) (citing *F.D.I. C. v. LeGrand,* 43 F.3d 163, 172 (5th Cir. 1995).  Plaintiff cannot satisfy that burden. Indeed, Plaintiff is attempting to foreclose other means of discovering the information by resisting production of the Organo Gold documents, and seeking to quash the third-party subpoenas.

The Court should grant Defendants' motion to compel.[1]

---

[1] To the extent that Plaintiff has a privacy concern, Defendants are amenable to a reasonable confidentially order, or redactions so long as the provided returns reflect all sources and amounts of income to him.

### III. The Court Should Deny Plaintiff's Motion to Quash.

Plaintiff's motion to quash the Organo Gold subpoenas should be denied. The subpoenaed documents are relevant and properly discoverable for the reasons set forth above, contrary to Plaintiff's claim that IAM is engaging in a "fishing expedition."

Moreover, Plaintiff lacks standing to object to the third-party subpoenas on the grounds asserted. A "motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." *Smith v. Midland Brake, Inc.,* 162 F.R.D. 683, 685 (D. Kan. 1995). And Plaintiff here does not object to the Organo Gold subpoenas on such grounds, either in the motion or when he objected to the request for production served on him. Indeed, the documents at issue are plainly not privileged.[2]

The Plaintiff's objections -- relevance, breadth, and burden -- can only be raised by Organo Gold, which, notably, has neither objected nor resisted production. Plaintiff's motion is procedurally improper and should be denied for this additional reason.

---

[2] As with the tax records, Defendants are amenable to a reasonable confidentially order to address any privacy concerns.

## CONCLUSION

For the foregoing reasons, the IAM respectfully requests that the Court enter an order compelling Plaintiff to produce documents responsive to IAM's Requests for Production Nos. 9 and 17, served on August 22, 2013.  The IAM also respectfully requests that the Court deny Plaintiff's motion to quash.


Respectfully submitted,


　　/s/ Jeffrey A. Bartos
Joseph Guerrieri, Jr.
*Admitted pro hac vice*
Jeffrey A. Bartos
Attorney-in-charge
*Admitted pro hac vice*
Guerrieri, Clayman, Bartos & Parcelli, PC
1900 M Street, NW, Suite 700
Washington, DC  20036
Telephone:  (202) 624-7400
Facsimile:  (202) 624-7420

Marc A. Zito
Federal Bar No. 2070
Jones Granger
Physical: 10000 Memorial Drive, Suite 888
Mailing: P.O. Box 4340
Houston, Texas 77210
Telephone:  (713) 668-0230
Facsimile:  (713) 683-1289

## Certificate of Service

I certify that the foregoing document was filed and served via ECF on October 29, 2013:

>Katherine L. Butler
>Butler & Harris
>1007 Heights Boulevard
>Houston, TX  77008
>
>Counsel for Terry Stewart
>
>Thomas H Padgett, Jr.
>The Law Offices of Thomas H. Padgett, Jr.
>4809 Pine St.
>Houston, TX 77401
>
>Counsel for Don E. Hall

          /s/ Jeffrey A. Bartos