UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Terry Stewart,

   Plaintiff,

  v.

International Association of Machinists
and Aerospace Workers, *et al.*,

   Defendants and Counterclaim-
   Plaintiffs,

  v.

Terry Stewart and Don E. Hall,

   Counterclaim-Defendants.

Civil Action No. 4:13-cv-01391

**APPENDIX TO**
**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**
**PRODUCTION AND IN OPPOSITION TO PLAINTIFF'S MOTION TO QUASH**

Joseph Guerrieri, Jr.
*Admitted pro hac vice*
Jeffrey A. Bartos
Attorney-in-charge
*Admitted pro hac vice*
Guerrieri, Clayman, Bartos & Parcelli, PC
1900 M Street, NW, Suite 700
Washington, DC  20036

Marc A. Zito
Federal Bar No. 2070
Jones Granger
Physical: 10000 Memorial Drive, Suite 888
Mailing: P.O. Box 4340
Houston, Texas 77210

# TABLE OF CONTENTS

1.   IAM's First Requests for Production of Documents from Terry Stewart
     (excerpts)…..…....................................................................................App. 1

2.   Plaintiff's Responses to Defendants' Requests for Production of Documents
     (excerpts).....................................................................……....App. 4

3.   October 2, 2013 Letter from Defendants' Counsel Jeffrey A. Bartos to
     Plaintiff's Counsel Katherine L. Butler…………………………………..App. 7

4.   October 7, 2013 Letter from Plaintiff's Counsel Katherine L. Butler to
     Defendants' Counsel Jeffrey A. Bartos…………………………………App. 10

5.   Plaintiff's Response to Defendants' First Interrogatories (excerpts)...……..App. 25

6.   Plaintiff's Public LinkedIn Profile………………………………………….App. 14

7.   Plaintiff's Distributer Page on www.organogold.com...................................App. 15

8.   *Rafeedie v. L.L.C., Inc.,*
     2011 WL 5352826, (W.D. Tex. Nov. 7, 2011)………………….…..App. 16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Terry Stewart,

        Plaintiff,

    v.

International Association of Machinists
and Aerospace Workers, *et al.*,

        Defendants and Counterclaim-
        Plaintiffs,

    v.

Terry Stewart and Don E. Hall,

        Counterclaim-Defendants.

Civil Action No. 4:13-cv-01391

## DEFENDANTS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS FROM TERRY STEWART

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants the International Association of Machinists and Aerospace Workers, AFL-CIO and IAM District Lodge 19 (collectively, "the IAM") hereby request that Plaintiff Terry Stewart ("Stewart") make available to counsel for the IAM for inspection and copying the following documents which are within your possession, custody or control, wherever located, within thirty (30) days of the service upon you of this document request, at the offices of Guerrieri, Clayman, Bartos & Parcelli, P.C., 1900 M Street, N.W., Suite 700,

**＊＊＊＊**

App. 1

5.      All documents relating to the distribution of payments of time claims to or among Local 2198 members.

6.      All documents relating to your filing of any grievances on behalf of yourself or other Local 2198 members, including but not limited to documents reflecting the grievances and documents reflecting the resolution of such grievances.

7.      All documents reflecting or relating to communications with any of the following individuals, from January 1, 2009 to the present:

      a)  Dora Cervantes

      b)  Jim Davis

      c)  Joe Duncan

      d)  Jeremy Givens

      e)  Don Hall

      f)  Robert Roach

      g)  Janette Saciri

8.      All documents relating to the Article L Charges filed against you and the trial thereon.

9.      Your federal and state income tax returns for each year from 2009 to the present.

10.     All documents relating to any complaint of race discrimination made by you against District Lodge19 and/or the International Association of Machinists and Aerospace Workers, AFL-CIO.

App. 2

11.     All documents relating to any filing by you, or communications with, the United States Equal Employment Opportunity Commission or any of its agents.

12.     All documents relating to any filing by you, or communications with, the Texas Workforce Commission or any of its agents.

13.     All documents relating to your claims of "mental anguish", including but not limited to any records for any counseling for mental health treatment you may have received from 2009 to the present.

14.     All documents relating to the suspension or termination of your employment by the City of Houston.

15.     All documents relating to any of your arrests, criminal charges, or convictions, including but not limited to, your conviction on charges of prostitution.

16.     All documents relating to any sales or transactions made by you through or on behalf of any travel agency that you owned, worked for, or were affiliated with, from January 1, 2009 to the present.

17.     All documents relating to any sales or transactions made by you through or on behalf of Organo Gold or any other coffee related business you have been involved with, from January 1, 2009 to the present.

18.     All employment or personnel documents relating to your employment by Union Pacific from January 1, 2009 to the present, including but not limited to documents reflecting:

a)      your bids for any Road Machinist positions;

b)      your bids for any locomotive shop positions; and

App. 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Terry Stewart, | § | CIVIL ACTION NO. 13 cv-01391 |
| Plaintiff, | § | |
| vs. | § | |
| | § | |
| International Association of Machinists | § | |
| and Aerospace Workers and International | § | |
| Association of Machinist and Aerospace | § | |
| Workers, District 19, | § | |
| Defendants. | § | A JURY IS DEMANDED |

### Plaintiff's Responses to Defendants' Requests for Production of Documents

The plaintiff, Terry Stewart, hereby serves on the Defendants his objections and

responses to Defendants' Requests for Production.

Respectfully submitted,

Butler & Harris

Katherine L. Butler
Federal I.D. No. 4734
State Bar No. 03526300
Paul R. Harris
Federal I.D. No. 897365
State Bar No. 24059905
1007 Heights Boulevard
Houston, Texas 77008
(713) 526-5677
Fax (888) 370-5038

*Attorney in charge

\*\*\*\*

1

App. 4

**RESPONSE:**  Documents responsive to this request will be produced.

9.  Your federal and state income tax returns for each year from 2009 to the present.

**RESPONSE:**  The plaintiff objects to this request because these documents are irrelevant to this case and not calculated to lead to the discovery of admissible evidence.  In addition, the request is both an unnecessary and inappropriate invasion of privacy and a violation of the right to maintain the confidentiality of income tax returns.

10.  All documents relating to any complaint of race discrimination made by you against District Lodge19 and/or the International Association of Machinists and Aerospace Workers, AFL-CIO.

**RESPONSE:**  Plaintiff objects to this request as unduly burdensome and overly broad, seeking as it apparently does, for the plaintiff to produce not only the complaints he has made, but all related documentation, which could include all the filings in this lawsuit.  Without waiving these objections, he will provide responsive documents.

11.  All documents relating to any filing by you, or communications with, the United States Equal Employment Opportunity Commission or any of its agents.

**RESPONSE:**   Plaintiff objects to this request as seeking information that is not relevant and not calculated to lead to the discovery of admissible evidence.  He further objects that it is overbroad and unduly burdensome.  It has no time frame whatsoever.  Without waiving these

5

15. All documents relating to any of your arrests, criminal charges, or convictions, including but not limited to, your conviction on charges of prostitution.

**RESPONSE:** The plaintiff objects to this request because it assumes facts not in evidence, seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence, is overly broad in its failure to provide any time frame, and is an unwarranted invasion of his privacy.

16. All documents relating to any sales or transactions made by you through or on behalf of any travel agency that you owned, worked for, or were affiliated with, from January 1, 2009 to the present.

**RESPONSE:** The plaintiff objects to this request because it assumes facts not in evidence. He further objects that these documents are irrelevant to this case and not calculated to lead to the discovery of admissible evidence. He further objects that this request is overly broad and unduly burdensome.

17. All documents relating to any sales or transactions made by you through or on behalf of Organo Gold or any other coffee related business you have been involved with, from January 1, 2009 to the present.

**RESPONSE:** The plaintiff objects to this request as seeking information that is not relevant and not calculated to lead to the discovery of admissible evidence. He further objects that it is overbroad and unduly burdensome.

7

App. 6

### GUERRIERI, CLAYMAN, BARTOS & PARCELLI, P.C.

1900 M STREET, N.W.
SUITE 700
WASHINGTON, D.C. 20036-3518

(202) 624-7400
FACSIMILE: (202) 624-7420

JOSEPH GUERRIERI, JR.
ROBERT S. CLAYMAN
JEFFREY A. BARTOS
CARMEN R. PARCELLI
ELIZABETH A. ROMA
N. SKELLY HARPER

October 2, 2013

*Via Electronic and U.S. Mail*

Katherine L. Butler
Butler & Harris
1007 Heights Blvd.
Houston, TX 77008

Re: *Stewart v. IAM; IAM v. Stewart & Hall*, No. 13-cv-01391 (S.D. Tex.)

Dear Ms. Butler:

Pursuant to Rule 37(a), Fed. R. Civ. P., I am writing to you regarding Plaintiff's Responses to the IAM's Requests for Production of Documents in this matter. You have yet to produce responsive documents even for requests you have not objected to, and there are several requests for which you have declined to provide any responsive documents. I am writing in the hopes of avoiding a motion to compel production, or at least to narrow the issues for such a motion.

As an initial matter, I must address your failure to provide any documents whatsoever. As you know we timely responded to your discovery requests on September 25 and while yours were due that same day, more than a week has passed but none have been provided. You have advised that the documents at issue are in your office, but you have not yet sent them to me. In order that we may proceed to schedule depositions and determine whether any further disputes require resolution before depositions can be taken, we will need to review the requested documents. Until we receive the documents it makes little sense to schedule dates for depositions. Please confirm that the documents will be delivered no later than Monday, October 7, or we will be constrained to seek judicial intervention under Rule 37.

With respect to the written responses to Requests for Production, you have issued blanket refusals to produce any documents responsive to many of our requests. As discussed below, we believe your objections are ill-founded, and should be promptly reconsidered:



**App. 7**

Tax returns. In Request Number 9, we seek Mr. Stewart's income tax returns for the period 2009 to the present. These are needed for two reasons: for purposes of defending against Mr. Stewart's claimed damages, we will need to evaluate his earnings both before and after the alleged discriminatory actions. While you have agreed to provide income information from Union Pacific Railroad, you have specifically refused to provide information from other sources. We are aware of at least two other companies that employed Mr. Stewart – Organo Gold, a coffee business, and a travel business. Income from these and any collateral sources is relevant, as we will need to determine whether he would have continued these earnings absent the alleged discrimination. Moreover, your claim that such requests would invade Mr. Stewart's privacy or violate some other form of confidentiality, are mistaken. Tax returns are neither privileged nor undiscoverable. *F.D.I. C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir.1995). When requested, they must be produced absent a showing that the financial information that they contain is available from another source. *See, e.g., Rafeedie v. L.L.C., Inc.*, 2011 WL 5352826 (W.D. Tex. Nov. 7, 2011); *T-M Vacuum Products, Inc. v. Taisc, Inc.*, 2008 WL 5082413 (S.D. Tex. Nov. 25, 2008).

Coffee and travel business records. Request Numbers 16 and 17 seek records of Mr. Stewart's coffee and travel sales. These are relevant both for the reasons discussed above regarding tax records, and also because they go to the allegations in the counterclaims that Mr. Stewart abandoned his union representation functions in favor of carrying out these separate businesses. One reason why Mr. Stewart was never on the job or available to members, we allege, was because he was abusing his position to seek personal profit. These documents are relevant in themselves and at a minimum likely to lead to the discovery of admissible information.

Termination by the City of Houston. In Request Number 14, we seek records related to a single event, namely, Mr. Stewart's suspension or termination of employment by the City of Houston. We understand from Mr. Stewart's other litigation against Union Pacific that he was suspended for abusing his position by improperly directing city funds toward a relative. This type of conduct is similar to that which we allege in our counterclaims, which involve Mr. Stewart's abuse of his union position to steer funds to supporters. As such, it is likely to lead to the discovery of admissible evidence. Nor could the production of documents limited to a particular event be properly described as unduly burdensome or overly broad.

Criminal convictions. Public records show that Mr. Stewart was convicted of prostitution. We seek in Request Number 15 records of any arrest or criminal convictions. These are proper areas of inquiry under both the facts of this case (which include allegations that Mr. Stewart provided Mr. Hall with access to female companionship in Houston) and the law more generally. *See, e.g., Dubose v. Sullivan*, 2009 WL 2601317 (S.D. Ill. Aug. 24, 2009) ("Defendants are entitled to question

App. 8

plaintiff about his adult convictions to determine whether they are admissible."). The request is aimed at discovering admissible evidence and it is simply implausible that production of responsive documents, if any, could be overly burdensome unless Mr. Stewart's criminal record is extensive.

    <u>Prior Complaints and Litigation</u>. Finally, in Requests 19 – 21, we seek documents relating to Mr. Stewart's prior complaints of race discrimination involving Union Pacific Railroad, as well as his race discrimination lawsuit against his employer.   At a minimum we are aware of that case and the antecedent internal complaints which involved the same claim.   These requests are neither overly broad nor burdensome, absent some showing on your behalf of how that could be so, and they are likewise pertinent to the race discrimination case here.

    To the extent you claim that production of all discovery information from that lawsuit is overly burdensome, we are willing to narrow our request for the time being, to seek only the transcript of Mr. Stewart's deposition (along with any exhibits thereto).  At a minimum, Mr. Stewart's prior testimony is clearly discoverable. *See, e.g.*, *Lillibridge v. Nautilus Ins. Co.*, 2013 WL 1896825 (D. S.D. May 3, 2013) (ordering party to obtain and produce copies of requested deposition transcripts).

    I look forward to your timely response, and am available to discuss at your convenience.

          Sincerely,

          Jeffrey A. Bartos

BUTLER & HARRIS
ATTORNEYS

KATHERINE L. BUTLER
PARTNER

Board Certified-
Civil Appellate Law
Texas Board of
Legal Specialization

Fellow, College of Labor
and Employment Lawyers

October 7, 2013

Mr. Jeffrey Bartos
Guerrieri, Clayman, Bartos & Parcelli, P.C.
1625 Massachusetts Avenue, N.W., Suite 700
Washington, D.C. 20036

     Re: Stewart v. International Association of Machinists and
     Aerospace Workers; No. 13 cv-01391 in the U.S. District Court
     for the Southern District of Texas

Dear Mr. Bartos:

     I write in response to your letter of October 2, 2013. I will respond to the issues in the order you presented them.

     **Production of Documents**. I am surprised at the tone of your letter, given that I shared with you that the only reason you have not yet received documents is that we are a small law office and my paralegal was in the middle of a huge project on another case. I told you that she was now working on providing them, so it is disappointing to me that you threaten court action when I have been very candid with you about the reason for this short delay. Be that as it may, you will have documents tomorrow morning.

     **Tax returns**. I have never produced tax returns in any lawsuit in which I have ever represented the plaintiff. The only issue regarding the plaintiff's finances is what amount of money the man received from his employer and that information is being provided. Tax returns are private and should be kept that way. As the Fifth Circuit noted in *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.,* 2 F.3d 1397, 1411 (5th Cir. 1993), *cert. denied,* 510 U.S. 1073 (1994), "Income tax returns are highly sensitive documents; courts are reluctant to order their routine disclosure as a part of discovery." The Court added,

     Not only are the taxpayer's privacy concerns at stake, but unanticipated disclosure
     also threatens the effective administration of our federal tax laws given the
     self-reporting, self-assessing character of the income tax system

*Id.* Many other courts have rulings to the same effect.

     **Coffee and travel business records**. Mr. Stewart had only one employer and records of his earnings from that employer are being provided to you. I can assure you that the entities you

Mr. Jeffrey Bartos
October 7, 2013
Page 2

reference have never employed him.  The documents you seek are no more relevant to this case than his wife's W-2 or their investment income.  Courts do not countenance fishing expeditions.

Not only is this clearly a fishing expedition, but it is one based on facts that your clients know are inaccurate. Your claim these documents are relevant because of allegations that Mr. Stewart was never on his machinist job, suggesting that he was simply doing nothing productive. This is curious since he, like many union local chairmen, was a full time local chairman.  Nor was Houston unique in that regard. There are numerous others.  Indeed, Jim Davis, who received the job that Mr. Stewart was wrongly denied,  himself served as a full-time local chairman in Arkansas.  Since this was well known when Mr. Davis was promoted, it is ridiculous for the Union to now contend that working as a full-time local chairman is improper.

**Termination by the City of Houston**.  Is it really your position that an event that occurred more than 15 years ago is relevant to this lawsuit?  I note that you objected to my requests going back only 5 years as improper.  I also note that numerous authorities have ruled that such requests are not proper.

**Criminal convictions**.  I am not sure what you are seeking here, since you note that you already have records of the only criminal matter in which Mr. Stewart has been involved.  And, as you know quite well, a misdemeanor conviction from more than 14 years ago is not admissible in evidence.

**Prior Complaints and Litigation**.  Again, you resist providing information going back five years, yet demand all records from a lawsuit from 2002.   But I am confused about the information you are seeking.  Are you limiting your request to a copy of Mr. Stewart's deposition from that case?

Please call if you have any questions.

Very truly yours,

Katherine L. Butler

c:  Terry Stewart

App. 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Terry Stewart, | § | CIVIL ACTION NO. 13 cv-01391 |
|     Plaintiff, | § | |
| vs. | § | |
| | § | |
| International Association of Machinists | § | |
| and Aerospace Workers and International | § | |
| Association of Machinist and Aerospace | § | |
| Workers, District 19, | § | |
|     Defendants. | § | A JURY IS DEMANDED |

**Plaintiff's Responses to Defendants' First Interrogatories**

The plaintiff, Terry Stewart, hereby serves on the Defendant, his objections and responses

to Defendants' First Interrogatories.

Respectfully submitted,

Butler & Harris

Katherine L. Butler*
Federal I.D. No. 4734
State Bar No. 03526300
Paul R. Harris
Federal I.D. No. 897365
State Bar No. 24059905
1007 Heights Boulevard
Houston, Texas 77008
(713) 526-5677
Fax (888) 370-5038

*Attorney in charge

✳✳✳✳

1

App. 12

## General Objections

1.    The plaintiff objects to each definition and instruction to the extent that it imposes requirements, obligations and duties not prescribed by the Federal Rules of Civil Procedure.

2.    The plaintiff objects to each request to the extent that it seeks information protected from disclosure as attorney/client communications, attorney work product or trial preparation materials.

### INTERROGATORIES

1.  State the amount of lost wages you contend you have suffered to date as a result of the discrimination you allege in your Complaint, and describe in detail the method by which that amount was calculated.

**RESPONSE:** The plaintiff objects on the grounds that this request improperly reqiress him to speculate about information that is in the possession of the defendants.  Without waiving this objection, the plaintiff responds that he is seeking the difference between his compensation from Union Pacific Railroad and the total compensation he would have received as an employee of the IAMAW in the role of General Chairman, from January 1, 2012,  until the time of the judgment. As allowed under the federal rules, he has provided responsive documents regarding his earnings.  He is also seeking either instatement to the position of General Chairman effective as of the date of judgment or front pay in the form of the difference between total compensation from the IAMAW and total compensation from Union Pacific Railroad.  He is waiting on information from the IAMAW about income and benefits.

2.  State the amount of lost wages you contend you have suffered to date as a result of the

3



### Terry Stewart

Today, Do You Keep Your Income Options Open? www.ogshow.com Call Me, 832-253-1120 Let's Talk. God Bless.
Houston, Texas Area | Health, Wellness and Fitness

**Join LinkedIn and access Terry Stewart's full profile. It's free!**

As a LinkedIn member, you'll join 225 million other professionals who are sharing connections, ideas, and opportunities.

- See who you and **Terry Stewart** know in common
- Get introduced to **Terry Stewart**
- Contact **Terry Stewart** directly

View Terry's full profile

---

**Terry Stewart's Overview**

| | |
|---|---|
| Current | Union Pacific Railroad at **Union Pacific Railroad** |
| Past | Distributor---Travel Agent at Organo Gold---Your Travel Biz |
| Connections | **142** connections |
| Websites | Personal Website |
| | Company Website |
| | Company Website |

**Terry Stewart's Experience**

**Union Pacific Railroad**
**Union Pacific Railroad**
Public Company; 10,001+ employees; UNP; Transportation/Trucking/Railroad industry
January 1998 – Present (15 years 10 months)

**Distributor---Travel Agent**
**Organo Gold---Your Travel Biz**
2007 – 2011 (4 years)

**Terry Stewart's Skills & Expertise**

| | | | | | |
|---|---|---|---|---|---|
| Small Business | Team Building | Leadership | PowerPoint | Business Strategy | New Business Development | Project Management |
| Leadership Development | Management | Social Networking | Social Media Marketing | Retail | Personal Development | Outlook | Budgets |
| Customer Satisfaction | Non-profits | Microsoft Excel | Sales | Nonprofits | | |

View All (43) Skills

**Terry Stewart's Additional Information**

| | |
|---|---|
| Websites: | • Personal Website |
| | • Company Website |
| | • Company Website |
| Groups and Associations: | The Art of Network Marketing |

**Contact Terry for:**

- career opportunities
- new ventures
- expertise requests
- reference requests

- consulting offers
- job inquiries
- business deals
- getting back in touch

**View Terry Stewart's full profile to...**

- See who you and **Terry Stewart** know in common
- Get introduced to **Terry Stewart**
- Contact **Terry Stewart** directly

View Full Profile

Not the Terry Stewart you were looking for? View more »

---

LinkedIn member directory - Browse members by country a b c d e f g h i j k l m n o p q r s t u v w x y z more

LinkedIn Corporation © 2013

App. 14

**Terry Stewart**
Distributor
6316401 United States
terrystewart11@yahoo.com
Phone: 832-253-1120

Change Country/Language Selection

USA - English



"Do you know somebody who drinks coffee?"

Coffee is the second most consumed beverage on the planet after water. It's the second most traded commodity after oil. People drink coffee all day, every day in almost every country around the world. But here's a really powerful question. When was the last time you were paid every time someone enjoyed a cup of coffee?

**Other Sites**
Organo Gold
OG University
OG Media Center
OG Business Tools

**Products**
Beverages
Nutraceuticals
Personal Care

**Business**
Join Now
Buy Products
Contact Us
Executive Team
Terms & Conditions
Privacy Policy

**Media**
Testimonials
Photos
Videos
News

© 2012 Organo Gold. All Rights Reserved

App. 15

2011 WL 5352826
Only the Westlaw citation is currently available.
United States District Court,
W.D. Texas,
Austin Division.

Monica RAFEEDIE on Behalf of Herself
and Others Similarly Situated, Plaintiff,
v.
L.L.C., INC. d/b/a Perfect 10 Men's
Club and W.F.K.R, Inc. d/b/a Sugar's
Uptown Cabaret, Defendants.

No. A–10–CA–743 LY.   |   Nov. 7, 2011.

**Attorneys and Law Firms**

Robert R. Debes, Jr., Debes Law Firm, Houston, TX, for
Plaintiff.

Bradley J. Shafer, Matthew J. Hoffer, Shafer & Associates,
P.C., Lansing, MI, Brian Walter Bishop, Law Office of Brian
W. Bishop, Austin, TX, for Defendants.

**Opinion**

*ORDER*

ANDREW W. AUSTIN, United States Magistrate Judge.

 *1  Before the Court are Defendants' Motion to Compel
Production of Tax Returns and Financial Information and
Appendix, filed August 10, 2011 (Clerk's Dkt. # 's 111–12);
Plaintiffs' Response to Defendants' Motion to Compel, filed
August 30, 2011 (Clerk's Dkt. # 124); Reply in Support of
Defendants' Motion to Compel Production of Tax Returns
and Financial Information, filed September 14, 2011 (Clerk's
Dkt. # 131); Plaintiffs' Motion for Protective Order, filed
September 23, 2011 (Clerk's Dkt. # 141); Plaintiffs' Surreply
to Defendants' Motion to Compel, filed September 26, 2011
(Clerk's Dkt. # 142); Plaintiffs' Motion to Compel Discovery
and/or to Strike Witnesses, filed October 4, 2011 (Clerk's Dkt.
# 149); Defendants' Surreply in Support of Motion to Compel,
filed October 7, 2011 (Clerk's Dkt. # 157); Defendants'
Response to Plaintiffs' Motion for Protective Order, filed
October 12, 2011 (Clerk's Dkt. # 164); Defendants' Response
to Plaintiffs' Motion to Compel Discovery and/or to Strike
Witnesses, filed October 20, 2011 (Clerk's Dkt. # 170); Joint
Advisory to the Court Re: Defendants' Motion to Compel

Production of Tax Returns and Financial Information (Doc.
111); Plaintiffs' Motion for Protective Order (Doc. 141); and
Plaintiffs' Motion to Compel Discovery And/or to Strike
Witnesses (Doc. 149), filed October 25, 2011 (Clerk's Dkt.
# 172).; and Plaintiffs' Supplemental Memorandum, filed
October 28, 2011 (Clerk's Dkt. # 174). The motions were
referred pursuant to 28 U.S.C. § 636(b)(1)(a), Federal Rule of
Civil Procedure 72, and Rule 1(c) of Appendix C to the Local
Rules of the United States District Court for the Western
District of Texas.

**I.**

Plaintiff Monica Rafeedie ("Rafeedie") brings this action
under the Fair Labor Standards Act ("FLSA"). Rafeedie is
an exotic dancer who alleges she was not paid any wages
by Defendants, but worked simply for tips. She brings this
action on behalf of herself and others similarly situated. The
Court conditionally certified this case as a collective action on
May 9, 2011. In relevant part, Defendants contend Rafeedie
and the other dancers worked as independent contractors, and
thus the relationship between Defendants and the dancers
is not subject to the FLSA. Plaintiffs, in turn, contend
they were misclassified as independent contractors and their
employment should have been governed by the FLSA.

Over the course of the last six months, the parties have
engaged in a variety of discovery. Among other things,
Defendants have issued interrogatories and requests for
production of documents to members of the collective action
seeking a variety of financial information from the dancers..
Plaintiffs object to the requests as overly broad, burdensome,
invasive and intrusive, and only marginally relevant to any
issue in the lawsuit and have filed a motion for protection
from those requests. Plaintiffs have also moved to compel
production of Defendants' tax returns and/or to strike several
witnesses. Defendants object to the production request as
overbroad, seeking irrelevant information and satisfied by
other production. The parties have filed responsive pleadings
and a joint advisory concerning their attempts to resolve
the matters without court intervention. The undersigned
conducted a hearing on the motions on October 26, 2011. This
matters are now ripe for determination.

**II.**

Rafeedie v. L.L.C, Inc, Not Reported in F.Supp.2d (2011)

## A. Defendants' Motion to Compel and Plaintiffs' Motion for Protective Order

**\*2**  Defendants have requested discovery from Plaintiffs covering a wide array of financial information, from bank statements to loan applications, and from credit card account statements to income tax returns. They contend the information is relevant to determining whether Plaintiffs are independent contractors under the economic realities test. Plaintiffs argue the requests are intrusive and invasive. They also maintain the information they have agreed to provide Defendants in other forms should be sufficient to satisfy their discovery obligation.

"To determine if a worker qualifies as an employee [under the FLSA], we focus on whether, as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for himself." *Hopkins v. Cornerstone Am.,* 545 F.3d 338, 343 (5th Cir.2008). The Fifth Circuit has identified five relevant non-exhaustive factors to making this determination: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. *Hopkins,* 545 F.3 d at 343.

The Court will focus first on Defendants' request for the Plaintiffs' income tax returns. Tax returns are neither privileged nor undiscoverable. *F.D.I. C. v. LeGrand,* 43 F.3d 163, 172 (5th Cir.1995). The Fifth Circuit has suggested the party seeking to discover tax returns must show the relevance of the tax returns, and then the burden shifts to the party opposing production to show other sources exist from which the information contained in the returns may be readily obtained. *Id.* Defendants argue the tax returns are relevant to the determination of whether Plaintiffs are independent contractors or employees under the FLSA, as well as the amount of damages at issue. They contend the returns would show sources of income, whether Plaintiffs considered themselves self-employed and the amount of business deductions taken. Plaintiffs argue the relevant information can be obtained by way of interrogatories asking about their sources of income and their stipulation that they considered themselves self-employed for income tax purposes.

The undersigned agrees with Defendants that the information on Plaintiff's income tax returns is relevant. Significantly,

the Fifth Circuit has looked to the income and deductions in a plaintiff's tax returns in examining whether a plaintiff was an employee or independent contractor under the FLSA. *Carrell v. Sunland Const., Inc.,* 998 F.2d 330, 333 (5th Cir.1993). The undersigned disagrees with Plaintiffs that the proffered other sources of information would provide the same information. As Plaintiffs have not agreed to produce information revealing their business expenses, determination by Defendants of the relative investments of the parties and degree to which profit and loss of the dancer would be difficult, if not impossible Privacy concerns of the Plaintiffs concerning the information in their tax returns may be addressed by appropriately designating materials for limited disclosure pursuant to the Protective Order entered by Judge Yeakel on July 13, 2011. The undersigned thus concludes discovery of Plaintiffs' income tax returns, including supporting schedules and attachments should be permitted. [1]

**\*3**  The undersigned reaches a different conclusion as to the other financial information sought by Defendants. The information sought by Defendants is wide-ranging. The requests are clearly aimed at discovering all possible information revealing Plaintiffs' sources of income, and claimed sources of income. During the hearing, counsel for Defendants maintained the wide range of requests was necessary to corroborate (or impeach) whatever information Plaintiffs reported in their tax returns. As Plaintiffs point out, Defendants did not cite a single case in which information concerning the general financial status of plaintiffs in an FLSA case was ruled discoverable. In fact, in one of the cases cited by Defendants, although the court granted discovery of the plaintiff's tax return, the court specifically denied the defendant's request for a loan application for plaintiff's purchase of real property. *Canada v. Hotel Development.-Texas, Ltd.,* 2008 WL 3171940, at \*2 (N.D.Tex. July 30, 2008).. Plaintiffs maintain the requests are unduly burdensome, invasive and intrusive. They further suggest the broad scope of the requests was intended to have a chilling effect on participation in this collective action.

The undersigned agrees. Defendants's position is predicated on their assumption that information on an income tax return is untrustworthy. A federal income tax return is filed under penalty of perjury and filing a false return may additionally subject the filer to criminal penalties under Title 26 of the United States Code. Defendants' assumption thus rests on a very unstable foundation. The undersigned also agrees the information requested is invasive

and intrusive, subjecting Plaintiffs to a very substantial burden.[2] Moreover, the insistence by Defendants that all the sources of income of each Plaintiff are relevant is overly broad. The relevance of income from other jobs, and especially unearned sources of income, bears no relevance to determining whether Defendants are liable to Plaintiffs under the FLSA.[3] Accordingly, the undersigned grants Defendants' motion to compel solely as to the requests for tax returns and supporting schedules and attachments and grants Plaintiffs' motion for protective order as to the other challenged discovery requests.

**B. Plaintiffs' Motion to Compel**

Plaintiffs, in turn, have moved to compel discovery and/or strike witnesses. As set forth in the joint advisory of the parties, and as stated in the hearing, two of the three issues raised in the motion have been resolved. Defendants have agreed to produce Mr. Cox and Ms. Thompson for deposition and have identified the "Jane Doe" witnesses as requested by Plaintiffs. As suggested at the hearing, counsel for Plaintiffs should consult with counsel for Defendants concerning contact of the "Jane Doe" witnesses. The undersigned was not asked to, and did not make any ruling as to, whether contact of those witnesses must take place in the presence of counsel for Defendants.

 **\*4** The only remaining issue is Plaintiffs' discovery requests seeking Defendants' federal tax returns, documents reflecting their sources of income, and W2s/ 1099s sent by Defendants to the IRS. Plaintiffs contend the information sought is relevant to several issues. First, they contend the information is necessary to determine the tax treatment of the "dance fees" paid by club patrons, which in turn is relevant to the issue of classification of the Plaintiffs under the FLSA and Defendants' claims that those fees should offset their wage obligations. Plaintiffs also maintain the information is relevant to determining whether they were independent contractors, specifically to the inquiry concerning the relative investments of Plaintiffs and Defendants.

Defendants suggest the information sought by Plaintiffs is not relevant. They maintain the information regarding all of their sources of income goes well beyond the issue of whether Plaintiffs were misclassified as independent contractors under the FLSA.[4] Defendants also contend they have provided or offered to provide documents other than their tax returns which would show the tax treatment and amount of dance fees. The undersigned notes Defendants' objections to Plaintiffs' discovery requests mirror Plaintiffs' objections to Defendants' requests. Defendants' objection to Plaintiffs' request for tax returns and W2s/1099s fails for the same reasons Plaintiffs' objection fails. As set forth above, tax returns are discoverable. And the information revealed would likely be relevant to the relative investment of the parties and thus the issue of misclassification.

Further, Defendants' contention that they have provided other documents from which the relevant information concerning the dance fees may be gleaned fails. A review of the proffered documentation at the hearing clearly revealed the documentation fell well short of evidencing the amount of dance fees and their accounting and tax treatment.[5] Moreover, simply providing Plaintiffs with general revenue figures, as likely reported on Defendants' tax return, will neither permit Plaintiffs enough detail to determine the amount of dance fees nor the investment by Defendants relative to the amount of revenue generated by the work of Plaintiffs. Plaintiffs' motion to compel is, therefore, granted as to this ground.

**III.**

Accordingly, the Court ORDERS that Defendants' Motion to Compel Production of Tax Returns and Financial Information (Clerk's Dkt. # 111), Plaintiffs' Motion for Protective Order (Clerk's Dkt. # 141) and Plaintiffs' Motion to Compel Discovery and/or to Strike Witnesses (Clerk's Dkt. # 149) are **GRANTED IN PART** as set forth above.

Footnotes

1    In reaching this conclusion, the undersigned makes no determination as to the admissibility of the tax return information at trial. Nor is any determination to be inferred as to the proper use by Defendants of any errors or other possible improprieties in the returns or the lack of any return. All such evidentiary issues are left to the trial judge.

2    The categories of requests include identification of all bank and credit card accounts, as well as all statements for thsoe accounts, listing of all claims for governmental assistance, applications for a variety of financial instruments, all documents related to unemployment or worker's compensation benefits, all job applications; and a signed release to obtain a credit report. As noted at the hearing, Defendants'

request for such intrusive financial information appears to have been motivated to chill the putative class members' desire to opt into the case, or to remain in the case after opting in.

3   Further, Defendants provided no justification for their request for all job applications and credit reports. Neither would reveal sources of income or business deductions taken by Plaintiffs. This request suggests Plaintiffs' contention that Defendants' discovery requests were intended to have a chilling effect is well founded.

4   The irony of this position was not lost on the undersigned, particularly given the sheer breadth of the Defendants' requests served on Plaintiffs.

5   Counsel for Defendants suggested at the hearing that other documents might exist which would be satisfactory. However, without examining such documents, or permitting counsel for Plaintiffs to examine the documents, the undersigned cannot opine as to whether the documents would clearly evidence both the amounts of fees and their accounting and tax treatment by Defendants.

---

**End of Document**                                    © 2013 Thomson Reuters. No claim to original U.S. Government Works.